IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**ANDREA VIGIL**;

    Plaintiff;

v.

**NAROPA UNIVERSITY**

    Defendants.

**COMPLAINT WITH JURY DEMAND**

Plaintiff Andrea Vigil ("Ms. Vigil" or "Plaintiff") hereby respectfully files this action against Defendant Naropa University ("Naropa" or "Defendant") through the undersigned counsel of record Kishinevsky & Raykin, Attorneys at Law, and state on information and belief as follows. This action seeks equitable relief and appropriate damages and costs.

I.    **JURISDICITON AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises under the Constitution and laws of the United States of America. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367

2. At all relevant times, Plaintiff was a resident of Colorado.

3. Defendant Naropa University is a private, nonprofit, liberal arts university located in Boulder, Colorado.

1

4. The wrongful acts alleged by Plaintiff occurred in whole or in part in Boulder County, Colorado.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. GENERAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff was a student at Naropa in the Masters of Arts program in Clinical Mental Health and Counseling with a concentration in Contemplative Psychotherapy and Buddhist Psychology.

7. Throughout Plaintiff's enrollment Naropa engaged in a pattern of racial and disability discrimination against Plaintiff that culminated in her dismissal from the program. Plaintiff's dismissal came after she completed all requirements for her degree. Despite completing all degree requirements, Naropa has refused to confer a degree on Plaintiff.

8. Plaintiff is a student with a disability and protected under the Americans with Disabilities Act, the Colorado Anti-Discrimination Act, and other federal and state laws that protect individuals with disabilities in the enjoyment of places of public accommodation.

9. Plaintiff has fibromyalgia, a disability that causes Plaintiff severe pain. Plaintiff also has ADD, Anxiety and Depression, Asthma, and Migraines.

10. Plaintiff's disabilities substantially impair major life functions.

11. Plaintiff is qualified to attend Naropa and meets all program requirements. In fact, Plaintiff has successfully completed all of Naropa's program requirements, yet Naropa still refuses to give Plaintiff her degree.

12. Plaintiff informed Naropa of her disabilities and need for reasonable accommodations.

13. Plaintiff sought reasonable accommodations through Naropa's Accessability Office in fall 2021. Naropa, at least on paper, granted Plaintiff's request for accommodations.

14. On paper, Plaintiff was entitled to the following accommodations: permission to move around the classroom to alleviate symptoms; permission to do activities with hands (like using yarn); permission to take breaks; flexibility in attendance; flexibility in assignment deadlines; permission to access lecture notes; and permission to record lectures.

15. Plaintiff's reasonable accommodations were explicitly applicable to a retreat to which Plaintiff was expected to attend in the fall 2021.

16. Despite being entitled to reasonable accommodations during the fall 2021 retreat, Naropa denied Plaintiff the effective use of her reasonable accommodations during the fall 2021 retreat and treated Plaintiff differently during the retreat than her non-disabled peers.

17. At the retreat, Naropa failed to check in with Plaintiff which led to Plaintiff missing meals and lacking food and water in her room.  Plaintiff raised these concerns with Naropa officials, but the issues were not addressed.

18. During the retreat, Plaintiff needed to exercise her accommodations of flexibility with attendance.  Plaintiff's fibromyalgia was causing her severe pain.  Plaintiff exercised her reasonable accommodation by not attending some sessions during the retreat.

19.  At the end of the retreat, Plaintiff learned from Naropa faculty member Ms. Janneli Chapin ("Ms. Chapin") that all of the students at the retreat had passed the expectations on the rubric for the retreat and could celebrate.  At that point, Plaintiff was still experiencing severe pain from her disability.  Furthermore, after her experience at the retreat, in which Naropa officials did not even ensure she had adequate access to food and water, Plaintiff could not stay for the final celebration called Closing Circle.  Plaintiff, therefore exercised her reasonable accommodation of flexibility with attendance and did not attend the closing circle.  Plaintiff left the retreat.  Before leaving, Plaintiff left a note

explaining that she would not be in attendance at the closing circle, and she even offered to make up any missed work from the closing circle despite being told that all students had already received passing scores for the retreat.

20. Following the fall 2021 retreat, Naropa issued Plaintiff a Notice of Concern ("NOC") dated September 9, 2021. This NOC was explicitly linked to Plaintiff exercising her reasonable accommodations at the retreat, including Plaintiff's decision to not attend the closing circle.

21. Plaintiff renewed her reasonable accommodations for the Spring 2022 semester. Plaintiff was granted the following accommodations: access to early syllabus (pending faculty); access to Instructor notes/Slides; Flexibility (Attendance) Student must notify faculty before absences occur, not to exceed 3 absences per semester; Flexibility (Deadlines 2.0x) Student must notify faculty before deadline occurs and propose a new deadline date; Permission to alternate between chair/cushion seating; Permission to change position and move about in order to alleviate symptoms of condition; Permission to eat or drink in class; Permission to take breaks during class; Preferential seating; Record lectures: student will use their own device to make recordings unless this is a zoom only online class in which the Faculty is responsible for recording the class and sending the link to the student; Student has Customized Note; Alternative Testing: Flexibility in exam dates, student must notify faculty before exam date occurs and propose a new exam date.

22. Naropa's approach to Plaintiff's accommodations effectively denied Plaintiff reasonable accommodations for her disability, and the accommodations granted did not adequately accommodate Plaintiff's needs and did not constitute reasonable accommodations.

23. For example, despite acknowledging that Plaintiff's disabilities required flexibility in attendance and deadlines and acknowledging that such an accommodation is reasonable, Naropa required 48-hour notice of absences.  This requirement was not reasonable.  Plaintiff's disability is severe, and Plaintiff often has to visit the emergency room and is unable to provide notice so far in advance.

24. Additionally, Naropa also denied Plaintiff the option to attend classes via Zoom.  Attending class via Zoom is a reasonable accommodation that would not impose an undue burden on Naropa.  Naropa has the technology to provide instruction via Zoom, and in fact, has frequently utilized Zoom to provide instruction.

25. On February 2, 2022, Plaintiff was issued a second NOC.

26. This second NOC was based on generalized, ambiguous allegations unsupported by fact.  An instructor claimed that Plaintiff had "repeatedly exhibited difficulty working with feedback or accepting answers to questions posed in class."  No specific examples were given, and other teachers verified that Plaintiff improved and took feedback well.

27. The instructor falsely claimed that Plaintiff raised her voice.  Plaintiff did not yell or act in a threatening manner, and no other student in Plaintiff's classes has claimed that Plaintiff yelled or acted in a threatening manner.

28. The instructor claims that Plaintiff "placed their body leaning forward as though poised to lunge toward" the instructor.  Plaintiff did not lunge toward the instructor. Plaintiff was sitting cross-legged on the floor.

29. On information and belief, the instructor's description and complaint was based on impermissible racial stereotypes of violence in the Latino community.

30. On information and belief, other Latino students have had a history of being told by this teacher that they are being too loud and aggressive when they were not.

31. The instructor also claimed that Plaintiff interrupted her during a class training on suicide, raised her voice and did not exhibit respectful behavior to the instructors or fellow classmates. Plaintiff did not disrupt class. She stated that she had a list of questions and inquired when there would be time to get them answered. She did not raise her voice.

32. The instructor also claimed that Plaintiff's shoulders were "squared off to the speaker" and "their torso leans forward in a posture that indicates that they are about to move." This claim is false. Plaintiff was facing the speaker and made no aggressive movements.

33. Furthermore, Plaintiff's fibromyalgia requires her to move to maintain comfort. The instructor's complaint singled out Plaintiff for negative treatment based on her disability and use of her reasonable accommodations.

34. On April 16, 2022, Plaintiff engaged in protected activity by writing to M. Linda Black ("Ms. Black"), the Dean of the Graduate School of Counseling and Psychology to express her concerns regarding Naropa's treatment of students with disabilities. Plaintiff raised numerous concerns about Naropa's treatment including in the requirements it poses for students seeking accommodations. Plaintiff raised concerns about Naropa's treatment of her when she utilized the accommodations she was entitled to.

35. On February 20, 2023, Naropa issued a third NOC. This third NOC cited no valid basis for any concerns regarding Plaintiff's performance. For example, the NOC cited a recorded assignment and transcript that Plaintiff submitted would not meet program requirements. However, Plaintiff was told that she could record some assignments and

that when her clinical site would not allow video supervision, she could use a transcript for that assignment. Additionally, the NOC informed Plaintiff that a clinical supervision was late. However, this was entirely out of Plaintiff's control. The site supervisor cancelled Plaintiff's supervision on multiple occasions.

36. As a result of the third NOC, Naropa imposed arbitrary deadlines for all of Plaintiff's assignments for the semester. These deadlines were not imposed on other non-disabled students. Additionally, Naropa imposed extra assignments and supervisions to Plaintiff's workload that were not imposed on other non-disabled students.

37. One of Naropa's arbitrarily imposed deadlines fell on the Friday during spring break. Plaintiff believed that because it fell during break, the assignment would be due following the break. However, after Plaintiff submitted the assignment following break, Naropa used that assignment as a pretext to begin dismissal proceedings.

38. On April 18, 2023, Plaintiff was given formal notice of dismissal.

39. Plaintiff's dismissal cited not only the assignment submitted following spring break, but Plaintiff's three NOCs.

40. Plaintiff successfully completed all classes and requirements to receive her degree. Naropa has refused to confer Plaintiff a degree.

41. Plaintiff filed a complaint with the Colorado Civil Rights Division and exhausted her administrative remedies.

### III.     CLAIMS AND CAUSES OF ACTION

#### A.  FIRST CLAIM FOR RELIEF – Violation of the ADA

42. Plaintiff realleges all other paragraphs as if fully set forth herein.

43. Plaintiff is an individual with a disability as defined by the ADA.

44. Plaintiff was diagnosed with disabilities, including fibromyalgia, ADD, Anxiety and Depression, Asthma, and Migraines.

45. Plaintiff's disabilities substantially limited major life activities including but not limited to their ability to concentrate.

46. Naropa was aware of Plaintiff's disabilities and their need for reasonable accommodations.

47. The Defendant failed to provide Plaintiff reasonable accommodations. Naropa insisted on a 48-hour notice requirement for flexibility in attendance and assignments knowing that Plaintiff's disabilities prevented her from always providing advance notice.

48. Plaintiff's proposed accommodation was reasonable and would not have caused any undue burden or hardship on Naropa. Plaintiff's proposed accommodation did not involve any fundamental alteration in Naropa's programs.

49. Additionally, Naropa dismissed Plaintiff because of her utilization of her reasonable accommodations. The first NOC, which Naropa explicitly relied upon in dismissing Plaintiff, was explicitly tied to Plaintiff's exercise of her reasonable accommodations at the fall 2021 retreat.

50. Furthermore, Naropa subjected Plaintiff to deadline and assignment requirements not applicable to her non-disabled peers.

51. Accordingly, Naropa dismissed Plaintiff from the program because of her disability.

### B.  SECOND CLAIM FOR RELIEF – Retaliation for Protected Activity under the ADA

52. Plaintiff realleges all other paragraphs as if fully set forth herein.

53. Plaintiff engaged in protected activity by requesting accommodations, utilizing her accommodations throughout her time at Naropa, and by raising her concerns about Naropa's treatment of students with disabilities in an April 2022 letter.

54. Naropa was aware of Plaintiff's protected activity because it was made to Naropa officials.

55. Plaintiff suffered an adverse action.  Naropa dismissed Plaintiff from the program and has not given Plaintiff a degree despite her successful completing of all degree requirements.

56. Naropa lacked any legitimate justification for its dismissal.  All complaints Naropa raised regarding Plaintiff were inaccurate and did not justify dismissal or other disciplinary action.

57. Naropa's dismissal was because of Plaintiff's protected activity under the ADA.

C.  **THIRD CLAIM FOR RELIEF – Violation of the Colorado Anti-Discrimination Act**

58. Plaintiff realleges all other paragraphs as if fully set forth herein.

59. Naropa violated CADA through its wrongful acts alleged herein.

60. Plaintiff is an individual with a disability as defined by CADA.

61. Plaintiff was diagnosed with disabilities, including fibromyalgia, ADD, Anxiety and Depression, Asthma, and Migraines.

62. Plaintiff's disabilities substantially limited major life activities including but not limited to their ability to concentrate.

63. Naropa was aware of Plaintiff's disabilities and their need for reasonable accommodations.

64. The Defendant failed to provide Plaintiff reasonable accommodations. Naropa insisted on a 48-hour notice requirement for flexibility in attendance and assignments knowing that Plaintiff's disabilities prevented her from always providing advance notice.

65. Plaintiff's proposed accommodation was reasonable and would not have caused any undue burden or hardship on Naropa. Plaintiff's proposed accommodation did not involve any fundamental alteration in Naropa's programs.

66. Additionally, Naropa dismissed Plaintiff because of her utilization of her reasonable accommodations. The first NOC, which Naropa explicitly relied upon in dismissing Plaintiff, was explicitly tied to Plaintiff's exercise of her reasonable accommodations at the fall 2021 retreat.

67. Furthermore, Naropa subjected Plaintiff to deadline and assignment requirements not applicable to her non-disabled peers.

68. Accordingly, Naropa dismissed Plaintiff from the program because of her disability.

69. Naropa's dismissal caused Plaintiff damages.

### D. FOURTH CLAIM FOR RELIEF – Violation of the Colorado Anti-Discrimination Act

70. Plaintiff realleges all other paragraphs as if fully set forth herein.

71. Plaintiff engaged in protected activity by requesting accommodations, utilizing her accommodations throughout her time at Naropa, and by raising her concerns about Naropa's treatment of students with disabilities in an April 2022 letter.

72. Naropa was aware of Plaintiff's protected activity because it was made to Naropa officials.

73. Plaintiff suffered an adverse action. Naropa dismissed Plaintiff from the program and has not given Plaintiff a degree despite her successful completing of all degree requirements.

74. Naropa lacked any legitimate justification for its dismissal. All complaints Naropa raised regarding Plaintiff were inaccurate and did not justify dismissal or other disciplinary action.

75. Naropa's dismissal was because of Plaintiff's protected activity under CADA.

76. Naropa's dismissal caused Plaintiff damages.

### E. FIFTH CLAIM FOR RELIEF – Violation of Title VI

1. Plaintiff realleges all other paragraphs as if fully set forth herein.

2. Naropa violated Title VI by the wrongful acts alleged herein.

3. Naropa receives federal financial assistance, subjecting it to Title VI.

4. Plaintiff is a Latina.

5. Naropa issued the second NOC because of impermissible stereotypes regarding Plaintiff's race.

6. Naropa's dismissal explicitly relied on the second NOC.

7. Naropa's dismissal was because of Plaintiff's race and national origin in violation of Title VI.

8. Naropa's dismissal caused Plaintiff damages.

### F. SIXTH CLAIM FOR RELIEF – Violation of the Colorado Anti-Discrimination Act

9. Plaintiff realleges all other paragraphs as if fully set forth herein.

10. Naropa violated CADA by the wrongful acts alleged herein.

11. Plaintiff is a Latina.

12. Naropa issued the second NOC because of impermissible stereotypes regarding Plaintiff's race.

13. Naropa's dismissal explicitly relied on the second NOC.

14. Naropa's dismissal was because of Plaintiff's protected status under CADA.

### IV.     DAMAGES

15. The Defendant's discriminatory and retaliatory conduct alleged hereinabove has caused the Plaintiff the following damages:

    a. Tuition and other educational expenses incurred at Naropa for which no degree was issued, lost and decreased wages and benefits in amounts to be established at trial;

    b. Emotional upset, stress, and anxiety in amounts to be established at trial;

    c. Out-of-pocket expenses, litigation costs, and attorneys' fees in amounts to be established at trial.

16. Defendants' violations of Title IV and the ADA were willful, entitling the Plaintiff to an award of punitive damages to the fullest extent permitted by law.

### V.     REQUEST FOR RELIEF

17. The Plaintiff requests that the Court enter judgment in their favor and against Defendants as follows:

    a. Declaring Naropa violated Plaintiff's rights under the ADA;

    b. Awarding injunctive relief under the ADA by issuing an order requiring Naropa to restore Plaintiff to the position they would have been in absent Naropa's discriminatory and retaliatory dismissal;

    c. Awarding the Plaintiff special damages for tuition and education expenses, lost and decreased future wages, benefits, and out-of-pocket expenses in amounts to be established at trial;

    d.   Awarding the Plaintiff general damages for emotional distress in an amount to be established at trial;

    e.   Punitive damages in the maximum amount permitted by law;

    f.   Awarding the Plaintiff statutory and reasonable attorneys' fees, litigation expenses, and costs incurred in this action;

    g.   Awarding the Plaintiff pre-judgment interest; and

    h.   Awarding the Plaintiff any additional and further relief that the Court finds equitable, appropriate, or just.

***PLAINTIFF REQUESTS A JURY ON ALL ISSUES SO TRIABLE***

*/s/ Igor Raykin*
Igor Raykin, Esq.
Michael Nolt, Esq.
Kishinevsky & Raykin, Attorneys at Law
2851 South Parker Road, Suite 150
Aurora, CO 80014
Telephone: (720) 767-1846
E-mail: igor@coloradolawteam.com
        michael@coloradolawteam.com
**Attorneys for Melissa Davis**